IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN WAYNE FELDMANN,

          Plaintiff,                     CONSOLIDATED
                                               OPINION AND ORDER

   v.

| | |
|---|---|
| GEORGE D. LLOYD FEDERAL BUILDING, *et al.*, | 12-cv-912-wmc |
| THE WHITE HOUSE, *et al.*, | 12-cv-927-wmc |
| U.S. TREASURY DEPT. *et al.*, | 12-cv-928-wmc |
| THE WHITE HOUSE, *et al.*, | 12-cv-929-wmc |
| UNITED STATES POST OFFICE, | 12-cv-930-wmc |
| GREYHOUND BUS LINES, *et al.*, | 12-cv-931-wmc |
| STATE OF CALIFORNIA, *et al.*, | 12-cv-932-wmc |
| CREATIVE RECOVERY CONCEPTS, *et al.*, | 12-cv-933-wmc |
| UNITED STATES TREASURY DEPT., *et al.*, | 12-cv-934-wmc |
| STATE OF CALIFORNIA, *et al.*, | 12-cv-935-wmc |

---

In the last three weeks, plaintiff Steven Wayne Feldmann has filed ten lawsuits against two federal district courts, several federal agencies and private entities, various federal officials, including President Barak Obama, a number of banks, common carriers, insurance companies, satellite or cable-TV providers, ESPN, and other privately run entities. He also seeks to sue the States of California, Arizona, Arkansas, Nevada, Texas and Wisconsin. In each of these cases, which were filed on an approved civil complaint form for use by *pro se* litigants, Feldmann requests leave to proceed without prepayment of fees or costs.

The court must now determine whether Feldmann's proposed actions are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because plaintiff's complaints are frivolous and fail to state claims on which relief may be granted, the court will deny Feldmann leave to proceed with respect to all of his complaints.

## ALLEGATIONS

In the first of his complaints, No. 12-cv-912, Feldmann appears to sue unspecified court personnel at the George D. Lloyd Federal Courthouse in Las Vegas, Nevada, and the Albert Armendariz, Sr., Federal Courthouse in El Paso, Texas. He alleges clerk's office staff at these locations violated his civil rights by failing to correct the "fictitious name spelling" on unspecified court orders. Feldmann seeks punitive damages, among other things, and asks this court to assume jurisdiction over cases filed by him previously in the federal district courts of Nevada and Texas.

In another complaint, No. 12-cv-930, Feldmann sues the United States Post Offices located in Philadelphia, Pennsylvania, and four cities in California (Azusa, Glendora, San Pedro, and Los Angeles). Feldmann accuses postal employees in these cities of negligent or "fraudulent misdirection of mail" to a fictitious person or address without his permission.

In a separate case, No. 12-cv-933, Feldmann sues Creative Recovery Concepts, Medicare/Medicaid, GEICO, and AIG Corp. Feldman appears to allege that his "government insurance" was tampered with and/or that he received "fictitious bills" in

connection with treatment or services that he received at various locations in Texas, California, and Nevada.

In another complaint, No. 12-cv-935, Feldmann sues the State of California, ESPN, Foothill Presbyterian Hospital, and the Foothill Medical Plaza in Covina, California. As near as the court can decipher, Feldmann alleges that he was denied unspecified treatment or care at a clinic in California and churches located in California, Texas, New York, Nevada and other places. Feldmann appears to assert that ESPN observed and recorded each misdeed on a camcorder.

Regarding the other complaints that Feldmann has filed to date, the pleadings simply list defendants and ask the court to promptly take unspecified action. *See Feldmann v. The White House, President Barak Obama, State of California, State of Arkansas, and State of Texas*, No. 12-cv-927; *Feldmann v. United States Treasury Department, Wells Fargo, Bank of America, and U.S. Bank Debit Express Master Card*, No. 12-cv-928; *Feldmann v. White House, President Barak Obama, State of Nevada, State of Wisconsin, and State of Arizona*, No. 12-cv-929; *Feldmann v. Greyhound Bus Lines, Los Piasino Bus Lines, and Americanos Bus Lines*, No. 12-cv-931; *Feldmann v. State of California, State of Wisconsin, Badger Bus Lines, DirecTV, and PowerMax, Inc.*, No. 12-cv-932; *Feldmann v. United States Treasury Department and Direct Express/Mastercard*, No. 12-cv-934. While Feldmann provides *no* facts in support of a recognized cause of action, despite being prompted to do so in the approved civil complaint forms for each of these lawsuits, a one-paragraph declaration submitted by Feldmann recently hints at a claim of conspiracy.

OPINION

As evidenced by the description of his complaints above, Feldmann does not allege sufficient, comprehensible facts that would support a cognizable claim under federal or state law. A district court must dismiss a complaint for lack of subject matter jurisdiction if the claims stated are "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

The pleadings submitted by Feldmann are also disjointed, incoherent and appear to have no an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (A complaint may be dismissed as frivolous when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible."). The court takes judicial notice of public records showing that Feldmann has filed 21 similarly ill-advised, meritless civil actions in federal district courts of Nevada and Texas. In this court's view, his pleadings qualify as both frivolous and malicious. *See Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) ("Malicious," although sometimes treated as a synonym for frivolous, "is more usefully construed as intended to harass."). Therefore, the court concludes further that the complaints filed by Feldman in the above-referenced cases are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(1).

Finally, Feldmann reportedly has taken up loitering in the clerk's office for long periods of time in recent weeks without any apparent purpose. On December 28, 2012,

security officers had to remove Feldmann from the clerk's office after he allegedly began yelling angrily at court personnel in a threatening manner. Apparently, Feldmann's disturbing conduct disrupted operations and unnerved court employees who were attempting to assist him.

Feldmann is advised that his abusive litigation tactics and misconduct are unacceptable. *Homola v. McNamara*, 59 F.2d 647, 651 (7th Cir. 1995) (emphasizing that the judicial system cannot and need not "tolerate litigants who refuse to accept adverse decisions"). Feldmann is warned that he risks sanctions, including monetary penalties, if he continues to abuse court resources with repetitive filings. *Homola*, 59 F.3d at 651; *United States v. Robinson*, 251 F.3d 594, 595 (7th Cir. 2001) (approving sanctions for litigants who inundate the court with frivolous motions, imposing costs in time and paperwork on the court and its staff and delaying the disposition of meritorious matters and motions).

ORDER

IT IS ORDERED that:

1. All of the above-captioned cases are DISMISSED for lack of subject matter jurisdiction. Alternatively, the above-captions cases are DISMISSED as frivolous and for failure to state a claim.

2. All of plaintiff's pending motions are DENIED AS MOOT.

3. Plaintiff is WARNED that he will face sanctions, including monetary penalties, if he continues to file repetitive and frivolous claims in this court.

Entered this 28 th day of December, 2012.

> BY THE COURT:
>
> /s/
> _____
> WILLIAM M. CONLEY
> District Judge